UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

| | |
|---|---|
| NAPLES PRIDE,<br><br>      Plaintiff;<br>v.<br><br><br>CITY OF NAPLES, et al.,<br><br>      Defendants. | Case No. 2:25-cv-291<br>Judge: Hon. John E. Steele<br>Magistrate Judge: Hon. Kyle C. Dudek |

**LIBERTY COUNSEL'S TIME-SENSITIVE MOTION
FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**

Pursuant to Local Rule 3.01 and this Court's inherent authority, Liberty Counsel moves for leave to file an amicus brief—not more than 20 pages in length—on behalf of itself and Collier County parents of minors who would be adversely affected if the Court were to grant Plaintiff Naples Pride's Motion for Preliminary Injunction. (Dkt. 12.) This motion is **time sensitive** because Liberty Counsel seeks to file the amicus brief on or before **April 30, 2025**, the date on which Defendants' opposition to Plaintiff's Motion for Preliminary Injunction is due. If possible, Movants herein respectfully request the Court's leave **by Monday, April 28, 2025**, so that Movants have sufficient time to finalize and file the proposed amicus brief by April 30.

As discussed below, Liberty Counsel's proposed amicus brief will help the Court understand the context in which this dispute arose, and particularly why the City of Naples reasonably requires Plaintiff to hold its drag show inside and away from the Cambier Park playground.

1

## I. Courts in this District routinely permit amicus briefs, including in preliminary-injunction proceedings.

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules set forth rules governing the submission of amicus briefs in federal district courts. Nevertheless, "district courts have broad discretion and the inherent authority to allow *amici* to participate in appropriate cases." *Fla. by & through McCollum v. United States Dep't of Health & Hum. Servs.*, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010). "Courts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010). Indeed, an amicus brief "should normally be allowed when … the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) (citations omitted).[1]

## II. Amici have unique information and perspectives that will help the Court understand why Collier County families object to the drag show at Cambier Park, and why the restrictions imposed by the City of Naples are constitutional.

Liberty Counsel is a national nonprofit litigation, education, and policy organization dedicated to advancing religious liberty, parental rights, and the sanctity of life. Liberty Counsel routinely advises and represents parents alarmed by the

---

[1] Courts in the Middle District of Florida have entertained amicus briefs when ruling on motions for preliminary injunctions. *See, e.g.*, *Wynn v. Vilsack*, 545 F. Supp. 3d 1271, 1275 (M.D. Fla. 2021) (considering amicus brief filed by non-parties in ruling on motion for preliminary injunction); *Cath. Bookstore, Inc. v. City of Jacksonville*, 2023 WL 3931839, at *1 (M.D. Fla. June 9, 2023) (granting leave for non-party to file amicus brief to aid in consideration of motion for preliminary injunction).

increasing exposure of children to sexually suggestive material and performances—whether in public schools or in publicly funded spaces such as parks and libraries.

Additionally, Collier County parents whose children use the playground and facilities at Cambier Park are very concerned about their children's exposure to the drag show proposed by Plaintiff. Their concerns are justified given the documented scenes from the very same drag show previously held by Plaintiff at the same Cambier Park, in very recent years. Photographs and videos from those prior performances directly contradict—and, in fact, conclusively refute—Plaintiff's mischaracterization of the drag show as "family friendly." (Pl.'s Mot. Prelim. Inj. 2; Dkt. 12 at 2.) These photos and videos depict, among other things, performers simulating sexual acts and adopting poses plainly unsuitable for viewing by children—**in the presence of young children**. In light of the relaxed evidentiary standards at the preliminary-injunction stage, *see Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995), this evidence is crucial for the Court to understand the nature of this drag show, which Plaintiff seeks to host approximately 100 feet from Cambier Park's playground.

In addition to offering this contextual photographic and video evidence, Amici will discuss why municipalities have a cognizable interest—rooted in decades of Supreme Court jurisprudence—in protecting minors from exposure to sexually explicit or suggestive conduct in public places.

## III. Conclusion

For the foregoing reasons, Amici respectfully request leave to file an amicus brief not longer than 20 pages by April 30, 2025.

3

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned counsel certify that, prior to filing this motion, they conferred with counsel for Defendants by email and telephone, and with counsel for Plaintiff by email, regarding the relief requested herein. Both sets of counsel have advised that **Plaintiff and Defendants take no position on this motion**. In addition, Plaintiff's counsel have indicated that, while Plaintiff has no objection to anyone asking the court's permission to file an amicus brief, Plaintiff intends to file a statement advising the Court that one of amici's undersigned counsel, Kristina Heuser, was engaged in public advocacy on this issue before the City of Naples' council, and supposedly made statements about Plaintiff's drag performance that Plaintiff does not like. The undersigned counsel respectfully submit that the best evidence of what the drag performance consists of, and its suitability for viewing by children, are the photographs and videos that will be submitted for the Court's consideration by the amici. These photographs and videos speak for themselves. Upon reviewing this evidence, the Court can determine for itself the accuracy of what others—including Plaintiff or amici—have said about the drag show.

Dated: April 25, 2025                    Respectfully submitted,

    /s/ Horatio G. Mihet
Horatio G. Mihet
Daniel J. Schmid
Kristina Heuser
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
dschmid@lc.org
kheuser@lc.org

*Attorneys for Amici*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, I caused a true and correct copy of the foregoing to be filed electronically with this Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

    /s/ Horatio G. Mihet
Horatio G. Mihet

*Attorney for Plaintiffs*