UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES PRIDE,

      Plaintiff,

v.                                    Case No. 2:25-cv-291-JES-KCD

CITY OF NAPLES; NAPLES CITY
COUNCIL; TERESA HEITMANN,
TERRY HUTCHISON, RAYMOND
CHRISTMAN, BETH PETRUNOFF,
BILL KRAMER, LINDA PENNIMAN,
and BERNE BARTON, in their
official capacities as City
Council members; NAPLES
POLICE DEPARTMENT; and CIRO
DOMINGUEZ, in his official
capacity as Naples Chief of
Police,

      Defendants.

---

**ORDER**

    This matter comes before the Court on review of the file.  To clarify that only counsel and their staff may bring electronic devices into the courthouse, the Court enters the following Order.

    On October 1, 2013, a General Order (6:13-mc-94-Orl-22, Doc. #1) was issued regarding the possession and use of personal electronic devices in courthouses in the Middle District of Florida.[1]  The General Order allows counsel admitted to The Florida Bar or admitted *pro hac vice* to enter the District's courthouses

---

    [1] See In Re: Possession & Use of Pers. Elec. Devices in Fed. Courthouses in the M.D. Fla., 6:13-mc-94-Orl-22.

with personal electronic devices subject to the restrictions set forth in the General Order.

The Court will thus permit counsel and their staff to bring into the courthouse electronic devices such as laptops, cell phones, and other devices required to assist in using the Court's audiovisual systems.

If counsel wish to make a pre-hearing review of the Court's technologic capabilities[2], counsel may contact a Courtroom Deputy and/or an Automation Specialist to make arrangements, if the courtroom and personnel are available.  Counsel may not set up or leave equipment in the courtroom prior to the start of the hearing unless special permission is granted and no other hearings are scheduled before the preliminary injunction hearing.

Accordingly, it is hereby

**ORDERED:**

1. Counsel and their staff may bring electronic devices into the courthouse as set forth above and as necessary for use during the preliminary injunction hearing, which is scheduled to commence on **May 2, 2025,** subject to screening by Court Security Officers and/or the U.S. Marshals

---

[2] Wireless internet access is now available throughout the Middle District of Florida.  All internet access in this District is subject to the terms and conditions outlined in the Conditions Applicable to Using Internet (Doc. #1) in In re Policy Governing Limited Personal Use of Supplied Broadband Wireless Internet Connection for Registered Courtroom Users, 6:11-mc-83-Orl-22.

Service.  **Cellphones shall remain turned off while Court is in session.**

2. To assist with the screening process, the names and affiliations of counsel of record are:

   a)  Samantha Past, ACLU Foundation of Fla., Inc.;

   b)  Daniel B. Tilley, ACLU Foundation of Fla., Inc.;

   c)  Anthony J. Wong, Patterson Belknap Webb & Tyler LLP;

   d)  Jonah M. Knobler, Patterson Belknap Webb & Tyler LLP;

   e)  Joshua M. Goldman, Patterson Belknap Webb & Tyler LLP;

   f)  Justin Zaremby, Patterson Belknap Webb & Tyler LLP;

   g)  Maxwell K. Weis, Patterson Belknap Webb & Tyler LLP;

   h)  Thomas P. Kurland, Patterson Belknap Webb & Tyler LLP;

   i)  David Jadon, Roper, Townsend & Sutphen, P.A.;

   j)  Andrew William Justin Dickman, Dickman Law Firm;

   k)  Matthew Rodrick McConnell, Dickman Law Firm;

   l)  Odelsa Flores-Dickman, Dickman Law Firm; and

   m)  Horatio G. Mihet, Liberty Counsel.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of April 2025.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record, CSOs (2 copies), U.S. Marshals Service, DCCD, Automation Specialist