IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES PRIDE,

          Plaintiff,

v.

CITY OF NAPLES, *et al.*,

          Defendants.

Case No. 2:25-cv-00291

_____/

**PLAINTIFF'S UNOPPOSED TIME-SENSITIVE MOTION FOR LEAVE TO FILE A REPLY TO LIBERTY COUNSEL'S AMICUS BRIEF**

Plaintiff Naples Pride moves for leave to file a reply not exceeding seven pages to Liberty Counsel's *amicus curiae* brief. ECF No. 38. *See* M.D. Fla. L. R. 301(d). This motion is time sensitive because oral argument on Plaintiff's motion for a preliminary injunction ("PI Motion"), ECF No. 12, is tomorrow, May 2. ECF No. 16.

Liberty Counsel's brief introduces new, irrelevant facts that are outside the record. *See* ECF No. 32 at 2-3. An "*amicus* who argues facts should rarely be welcomed." *Club v. FEMA*, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007). Courts nationwide agree: *Amici* are not parties and should not introduce new evidence. *See, e.g.*, *High Sierra Hikers Ass'n v. Powell*, 150 F. Supp. 2d 1023, 1045 (N.D. Cal. 2001); *Orion Wine Imports, LLC v. Applesmith*, 440 F. Supp. 3d 1139, 1146 (E.D. Cal. 2020).

1

This case is a perfect example of why *amici*'s attempts to inject evidence into the record are rarely helpful. The PI Motion concerns Defendants' conduct with respect to Plaintiff's permit application. Defendants, represented by competent counsel, are well-positioned to present whatever evidence they see fit. If Defendants considered any piece of evidence—such as photos or videos of Pridefest—in imposing the challenged permit restrictions, Defendants can present that evidence to the Court themselves. Conversely, to the extent there is evidence Defendants did not consider, it is irrelevant. In a First Amendment challenge, defendants may not proffer after-the-fact justifications in lieu of the evidence on which they actually relied when imposing the challenged speech restrictions. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 543 (2022) ("Government justifications for interfering with First Amendment rights must be genuine, not . . . invented *post hoc* in response to litigation." (cleaned up)).

The Court should also be made aware that Liberty Counsel's attorney, Kristina Heuser, is not a disinterested—or particularly credible—source. Indeed, Defendants themselves have observed as much. In 2022, Ms. Heuser filed a complaint against Naples Pride, alleging that the Pridefest drag performance was "lewd." *See* ECF No. 12-19 at 10. The Naples Police Department reviewed the evidence she submitted, including the same evidence Liberty Counsel has submitted here, and found that the performance broke no laws and that the drag performers' clothing "was no more revealing than being in a bathing suit at a public pool or beach." *Id.* at 12-14. In 2023, Ms. Heuser submitted a written opposition to Naples Pride's Pridefest permit application. *See* Second Decl. of Samantha Past (May 1, 2025), Ex. 15. In response,

2

the Naples City Manager emailed the Mayor and City Council stating that Ms. Heuser "is the same NY attorney who spoke at a council meeting *making allegations that were unfounded.*" *Id.* Ex. 16 (emphasis added). Finally, City Council member Hutchison consulted privately with Ms. Heuser when determining how to respond to public requests for comment about Hutchinson's opposition to Pridefest. *Id.* Ex. 17.

"While no rule requires that an *amicus* be impartial," courts do "consider the presence of partiality" when deciding how much weight to give an *amicus* brief. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). None of these facts regarding Ms. Heuser's personal involvement in the underlying facts of this case—and Defendants' rejection of her complaints about Pridefest—were disclosed in Liberty Counsel's *amicus* brief.

For these reasons, Plaintiff respectfully requests that this Court grant leave to file a brief reply by 6:00 a.m. tomorrow, May 2.

### LOCAL RULE 3.01(g) CERTIFICATION

Defendants do not oppose Plaintiff filing a reply to the amicus brief.

Respectfully submitted,

| | |
|---|---|
| */s/ Samantha J. Past* <br> Samantha J. Past (FBN 1054519) <br> Daniel B. Tilley (FBN 102882) <br> **ACLU Foundation of Florida** <br> 4343 West Flagler Street, Suite 400 <br> Miami, FL 33134 <br> (786) 363-2714 <br> spast@aclufl.org <br> dtilley@aclufl.org | Jonah M. Knobler* <br> Thomas P. Kurland* <br> **Patterson Belknap Webb & Tyler LLP** <br> 1133 Ave. of the Americas <br> New York, NY 10036 <br> Tel: 212-336-2000 <br> jknobler@pbwt.com <br> tkurland@pbwt.com <br> **Special Admission* |

*Counsel for Plaintiff Naples Pride*

3