# Exhibit 15

| | |
|---|---|
| **From:** | Kristina S. Heuser, Esq. <kheuser@heuserlawfirm.com> <kheuser@heuserlawfirm.com> |
| **Sent:** | Friday, February 24, 2023 8:29 PM |
| **To:** | mayorheitmann@naplesgov.com <mayorheitmann@naplesgov.com>; mmccabe@naplesgov.com <mmccabe@naplesgov.com>; thutchison@naplesgov.com <thutchison@naplesgov.com>; bpetrunoff@naplesgov.com <bpetrunoff@naplesgov.com>; tblankenship@naplesgov.com <tblankenship@naplesgov.com>; pperry@naplesgov.com <pperry@naplesgov.com>; rchristman@naplesgov.com <rchristman@naplesgov.com> |
| **Subject:** | Special Event Permit Application by Naples Pride |

> **CAUTION:** This email originated from outside of the City of Naples e-mail system. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Mayor Heitmann, Vice Mayor McCabe, Mr. Hutchison, Ms. Petrunoff, Mr. Blankenship, Mr. Perry, and Mr. Christman:

I am writing to assist you with your consideration of the Special Event Permit Application submitted by Naples Pride that is now pending before you.

The City Code of Ordinances Section 46-39(c)(2)(c) sets forth the criteria the City is to apply in considering Special Event Permit Applications. Subsections (1), (9) and (10) can serve as grounds upon which the City can deny the application submitted by Naples Pride. These sections of the Code provide: "The city manager may grant or deny a special event permit considering whether: 1. The applicant has complied with all required criteria outlined on the permit application form...9. The event is generally compatible with the character of the city and/or the locale requested...10. The applicant complied with terms and conditions of any previously granted permits.

Looking first at the application, Section III, Item 4 asks if the event will include amplified music or entertainment. The applicant indicated that it would. The question specifically directs that if the applicant answers in the affirmative, it must "attach a description of entertainment and scheduled time(s) of performance(s)." The applicant provided no such attachment. This alone is sufficient basis to deny the application (or at least reject it as incomplete, with an opportunity to resubmit). Likewise, Section III, Item 6 asks if the event will be a fundraising event. The applicant marked 'yes'. The application requires the applicant to "provide a copy of last year's IRS 990 Form". No such form is included with the copy of the application that has been posted for public viewing. Further, the application asks the applicant - in bolded print with space provided for the applicant's response - to name the organization that will benefit from the event proceeds and the percentage of the profits that will go to the named charity. These items were left blank by the applicant. This, too, is grounds to deny or reject the application. Further, the applicant indicates on the application that alcoholic beverages will be both sold and consumed at the event. The application states, "A copy of the Florida Beverages Commission permit is required at the time of application and prior to event approval." There is also a space provided on the application (in bold print) for the name of the permit holder. This space has been left blank on the subject application, which implies that no permit for the sale of alcohol has been obtained. This, too, is an independent basis for denial of the application, or, alternatively, denial of the request to sell alcohol at the event.

As described in detail above, the applicant has failed to satisfy criterion number 1. With respect to criterion number 9, it is very clear that the Naples Pride event, and particularly the drag show component and the marijuana distribution that occurred at last year's event, are wholly out of character with downtown Naples. The proposal is to hold the LGBTQ celebration at the most prominent, centrally located park in the City, which is adjacent to the most frequented street in downtown Naples, Fifth Avenue. There are no other such events or displays (to my knowledge) in the area. This LGBTQ event is completely incompatible with the character of the community. The City's 2021 Vision Statement specifically states, "We will balance the impacts of special events by assessing and managing the geographic locations and levels of activity associated with events so that the comfort and convenience of residents is maintained." Many residents who addressed this matter at the last meeting of the City Council suggested relocating the event. This suggestion would seem to be consistent with the City's articulated vision as it pertains to special events, though the City would be hard-pressed to find any section of Naples with which this event is compatible.

Criterion 10 gives the City wide discretion to deny an application based upon false representations by the applicant made in connection with prior permit applications. In fact, this provision appears on the face of the permit application (see Section IV, Item 20), so there is no ambiguity about the fact that applicants are on notice of this provision of law. It is my understanding based upon public discussion of the matter and public records produced concerning last year's Naples Pride event that the applicant never disclosed - and perhaps purposefully withheld - that there would be a drag display in the presence of children at their event. In fact, they knowingly and purposefully misled this body to believe that it would be a "family friendly" event, when in fact there was sexually provocative and deviant behavior on full display in a public setting where children where not only able to view the performance, but invited to participate in it. There were also drugs and drug paraphernalia on display and offered for sale at the event. This is not family friendly and no repeat performance should be allowed.

This brings me to Section 847.013, Florida Statutes which makes it a crime to "admit a minor for a monetary consideration to premises whereon there is exhibited a motion picture, exhibition, show, representation, or other presentation which, in whole or in part, depicts nudity, sexual conduct, sexual excitement, sexual battery, bestiality, or sadomasochistic abuse and which is harmful to minors." And pursuant to 847.011, Florida Statutes, "(4) Any person who knowingly promotes, conducts, performs, or participates in an obscene show, exhibition, or performance by live persons or a live person before an audience is guilty of a misdemeanor of the first degree..." Do not put yourselves in legal jeopardy by allowing this event to occur.

Section 28-31 of the City Code of Ordinances entitled "Policies governing operation of parks" provides: The city parks are to be used for activities conducted by or under the authority of the city primarily for citizens of the city....(b) Applicants for reservations for organizations must provide documentary evidence to the city manager that: (1) They represent the responsible organizations; (2) The organization will guarantee orderly behavior for special events...(d) Violation of any of the established policies or rules may result in the loss of all privileges. Naples Pride has demonstrated through their conduct at their event last year that they are neither a responsible organization nor do they have any intention to guarantee orderly behavior at their event. The Naples City Code defines disorderly conduct as "conduct [that] shall tend to cause public danger, alarm, disorder or nuisance." The Naples Pride event and, in particular, the drag performance that occurred as part of the event, has caused public danger, alarm, disorder, and nuisance as articulated to you by the many members of the community that have come before you regarding this issue and in the police reports generated in connection with last year's event. To be clear, Section 823.01 of the Florida Statutes defines anything that "corrupt[s] the public morals" as a nuisance, which is a misdemeanor in this state. This Council cannot give license to criminal activity. The Special Event Permit Application submitted by Naples Pride must be denied.

Thank you for your attention and anticipated thoughtful consideration of this matter.

Very Truly Yours,

*Kristina S. Heuser, Esq.*
Kristina S. Heuser, P.C.
23 Birch Hill Road (rear)
Locust Valley, New York 11560
Tel. (516) 676-1565
Fax (516) 676-6382
E-mail: kheuser@heuserlawfirm.com

NOTIFICATION TO RECIPIENTS: Under Florida law, e-mails created or received by a government agency are public records. Both the message and the e-mail address it was sent from (unless otherwise exempt under Florida law) may be released in response to a public records request. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this office. Instead, you may contact City Hall by phone or in writing.