UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

NAPLES PRIDE,

        Plaintiff;

v.

CITY OF NAPLES, et al.,

        Defendants.

Case No. 2:25-cv-291
Judge: Hon. John E. Steele
Magistrate Judge: Hon. Kyle C. Dudek

---

**TIME-SENSITIVE MOTION TO INTERVENE BY CHELSEA MELONE AND
THEODORE & KIMBERLY COLLINS AND INCORPORATED MEMORANDUM OF LAW**

---

Pursuant to Fed. R. Civ. P. 24 and Local Rule 3.01, Chelsea Melone, Theodore ("Teddy") Collins and Kimberly Collins (collectively "Proposed Intervenors") hereby move this Court for an Order permitting Proposed Intervenors to intervene in this action immediately, accepting Proposed Intervenors' motion to dismiss the Complaint filed herewith, and affording Proposed Intervenors fourteen (14) days from the date of the Order, or such other time as the Court deems appropriate to file opposition to Plaintiff's Motion for Preliminary Injunction (dkt. 12) or, alternatively, converting Proposed Intervenors' *Amici* brief (dkt. 38) to opposition the motion to dismiss. This motion is **time sensitive** because Proposed Intervenors wish to be heard in opposition to Plaintiff's Motion for Preliminary Injunction (dkt. 12), which this Court has indicated it is likely to decide by the end of this week.

Proposed Intervenors, by and through their undersigned counsel, respectfully submit the following incorporated Memorandum of Law in Support of its Motion to Intervene as Defendants in this action. Proposed Intervenors respectfully request that this Court grant its motion to intervene as a matter of right under Fed. R. Civ. P. 24(a), or, in the alternative, grant it permissive intervention under Fed. R. Civ. P. 24(b).

<div align="center">**ARGUMENT**</div>

Proposed Intervenors seek to intervene as Defendants in this action in order to defend the permit restrictions put in place by the City of Naples for the 2025 Naples Pridefest against Plaintiff's constitutional challenges. Proposed Intervenors easily satisfy the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). Alternatively, Proposed Intervenors should be granted permission to intervene as Defendants pursuant to Federal Rule of Civil Procedure 24(b).

## I.    Proposed Intervenors Satisfy the Requirements to Intervene as of Right.

As the Eleventh Circuit has articulated:

A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. If he establishes each of the four requirements, the district court must allow him to intervene.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (internal citation omitted).

**A.**    <u>**Proposed Intervenors' Motion is Timely.**</u>

Proposed Intervenors easily satisfy Rule 24(a)'s requirement that the motion to intervene be timely. To evaluate the timeliness of motions to intervene, courts in this Circuit evaluate:

> [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Burke v. Ocwen Fin. Corp.*, 833 Fed. Appx. 288, 291 (11th Cir. 2020) (quoting *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 [11th Cir. 2017]).

Here, this litigation is in its infancy. Proposed Intervenors have already filed an *Amici* Brief in this action (dkt. 38), and one of Proposed Intervenors filed a Declaration with exhibits (dkt. 38, Ex. 1), and intended for that to be the extent of their involvement in this action. In other words, although Proposed Intervenors were aware of their interest in this action (to wit: their interest as parents whose young children utilize Cambier Park and its playground to shield their children from the Naples Pride drag show but not be deprived of use of the playground) from its outset, they hoped and believed that their interests would be adequately represented by the City of Naples in its defense of this action (see Declaration of Kimberly Collins filed herewith). Events

that followed have caused Proposed Intervenors and their counsel to recognize that intervention is necessary.

In response to the *Amici* Brief and Declaration filed by Proposed Intervenors, attorneys for Naples Pride filed a response asking the Court not to consider the evidence filed by *Amici*, calling such evidence and the Declaration of Kimberly Collins "irrelevant" and "immaterial." (Dkt. 48, 1.) Further, upon reading the brief filed by the City of Naples in opposition to Plaintiff's motion for a preliminary injunction (dkt. 39), compounded by their presentation at oral argument, and its Motion to Dismiss the Complaint filed last night (dkt. 57), it has become evident to Proposed Intervenors that seeking party status in the case is necessary to defend the interests of Proposed Intervenors and the many parents similarly situated. Proposed Intervenors make this motion at the earliest opportunity following that revelation. Indeed, Proposed Intervenors submit this motion a mere 3 business days following the arguments at which the need for their intervention and the inadequate representation of their interests became first apparent at the May 2nd hearing, and less than 24 hours after the City confirmed the need for intervention in its Motion to Dismiss. In other words, Proposed Intervenors motion is unquestionably timely because they are seeking to intervene "as soon as it became clear that [their] interests would no longer be protected by the parties in the case." *Cameron v. EMW Women's Surgical Ctr., PSC*, 595 U.S. 267, 279 (2022). *See also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (same).

Additionally, because Proposed Intervenors are seeking to intervene at the infant stage of these proceedings, and before any discovery or significant events have

occurred, it is timely under binding law. "Although the point to which the suit has progressed is but one factors in the determination of timeliness," *NAACP v. New York*, 413 U.S. 345, 366 (1973), numerous courts, including this one, have held that seeking intervention before discovery has begun and before significant proceedings have occurred is timely. *E.g.*, *Chiles*, 865 F.2d at 1213 (holding that motion to intervene was timely when filed seven months *after* complaint was filed and three months *after* a motion to dismiss was filed because it was filed before discovery had commenced); *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 653 (M.D. Fla. 2014) (holding that motion to intervene was timely when submitted seventy-one days *after* complaint filed when it was submitted before discovery had commenced); *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, 2012 WL 1432479, *2 (M.D. Fla. Apr. 25, 2012) ("A motion to intervene within seven months of the original complaint's filing is timely, especially since discovery had not begun."). *See also Georgia v. U.S. Army Corps of Eng'rs*, 303 F.3d 1242, 1259 (11th Cir. 2002) (holding that intervention was timely even after six months delay in seeking intervention for a party who knew about the litigation the entire time and at which point discovery had largely concluded). As a matter of binding law, Proposed Intervenors' motion is therefore timely.

Because Proposed Intervenors did in fact move to intervene as soon as their interest in the case (and the fact that their interest would not be represented by the City of Naples) came to light, *Cameron,* 595 U.S. at 279, the second condition is moot. However, if the Court were to examine this criteria, it should find that there is no prejudice to the existing parties to the litigation if Proposed Intervenors' motion to

intervene is granted because its responsive pleading is filed herewith, one day following the current Defendants' filing of its Motion to Dismiss. Although Proposed Intervenors request additional time to submit a more complete response to Plaintiff's Motion for Preliminary Injunction, it also offers the Court the alternative of converting Proposed Intervenors' *Amici* Brief and accompanying documents to opposition to the Plaintiff's motion. In any event, none of this is prejudicial to the existing parties in terms of timing because the action should be stayed for at least 60 days due to Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 5.1. *See, e.g.*, *Allen v. Jacksonville Univ.*, 2022 WL 911383, at *2 (M.D. Fla. Mar. 29, 2022) ("In light of the need to provide the Attorney General at least 60 days to determine whether she wishes to intervene in this action, the Court finds that a stay is justified.").

If Proposed Intervenors' motion is denied, the extent of prejudice to Proposed Intervenors is not entirely known because it is dependent on the weight the Court intends to afford to the brief filed by *Amici* Liberty Counsel, Chelsea Melone and Theodore & Kimberly Collins and the Declaration of Kimberly Collins with exhibits. Plaintiffs obviously feel it should be afforded no weight, as noted by their contention that it is irrelevant. (dkt. 48, 1.) Proposed Intervenors plainly disagree with that contention, but now seek intervention to ensure that they may be heard on all matters, including evidentiary materials that should guide the Court's decisions in this matter, both now and at the merits phase. If the Court would afford the arguments set forth in the *Amici* Brief and the exhibits presented by Kimberly Collins greater weight if Proposed Intervenors were in fact parties to this action, then denial of this motion to

intervene will prove highly prejudicial to Proposed Intervenors and their interests. Indeed, Proposed Intervenor's interest in the Court's upholding of Florida law and the City's permit conditions on the basis of protecting minor children from inappropriate sexual content will go unspoken and unaddressed by the City, and Proposed Intervenors will not be heard on merited and substantial evidence presented.

There are several unusual circumstances here that weigh in favor of granting Proposed Intervenors' motion to intervene. The first such circumstance is that Plaintiff is seeking a preliminary injunction to grant them what is also the ultimate relief they are seeking by this action. Thus, if Proposed Intervenors' motion is denied and their interests and arguments offered in support of these interests are not heard and considered by the Court now, and the interim relief sought by Plaintiff is granted, Proposed Intervenors will suffer irreparable harm. And the prevention of irreparable harm is ipso facto as sufficient basis to permit intervention under Rule 24(a). *E.g.*, *Jenkins by Agyei v. Missouri*, 967 F.2d 1245, 1248 (8th Cir. 1992) ("A party claiming an interest in the litigation does not have to wait until he has suffered irreparable harm before he has an interest permitting intervention under Rule 24(a).") Granting intervention at some later stage of the proceedings will be insufficient to reverse the potential harm that will be done by denying their request to intervene now because Proposed Intervenors "cannot breathe life into rights already foregone" by the City's failure to adequately represent their interests. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995).

Another highly unusual circumstance is that the City of Naples is defending their permit conditions against Plaintiff's constitutional challenge to the exclusion of sound – and arguably more compelling – legal defenses and arguments available to it. The prejudice that befalls Proposed Intervenors speaks for itself here because the City is not presenting the Court with the full range of options for it to uphold the permit conditions. The City has not raised the defense that Florida law expressly prohibits the Naples City Council from issuing a permit for a public drag show to be held in view of minors. *See* Fla. Stat. Ann. § 255.71. That is a dispositive argument itself sufficient to deny injunctive relief here. Moreover, the City has not raised Plaintiff's failure to provide notice to the Florida Attorney General pursuant to Fed. R. Civ. P. 5.1. Plaintiff's request for a permit to hold a drag show in violation of Sections 255.71 and 827.11, Florida Statutes necessarily amounts to a challenge to the constitutionality of that law, even if not expressly challenged in Plaintiff's pleading. This apparent challenge is sufficient to trigger Plaintiff's and the Court's respective obligations under Rule 5.1. *See, e.g., Williams v. Foremost Prop. & Cas. Ins. Co.*, 2022 WL 1665449, *1 (M.D. Fla. May 25, 2022) ("Plaintiff filed a brief which appears to challenge the constitutionality of the retroactive application of section 627.70152 of the Florida Statutes…Upon review of the docket, Plaintiff does not appear to have complied with th[e notice] requirement [imposed by Rule 5.1]. Nevertheless, Rule 5.1 also imposes an obligation on the Court to 'certify to the appropriate attorney general that a statute has been questioned.' *See* Rule 5.1(b); *see also* 28 U.S.C. 2403(b).").

The City of Naples is solely defending its rationale for assessing increased security costs to Naples Pride, to the exclusion of arguing why it is necessary and constitutionally sound to restrict the drag performance component of the Pridefest event to indoors and adults only. Despite binding Supreme Court precedent indicating the contrary, the City has not argued it has a compelling interest in protecting minors from viewing sexually inappropriate and a further compelling interest in complying with Florida statutory law. *E.g.*, *Bethune-Hill v. Va. State Bd. of Elections*, 580 U.S. 178, 193 (207) (compliance with statutory law is a compelling government interest); *Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126 (1989) ("We have recognized that there is a compelling interest in protecting the physical and psychological well-being of minors" and "extends to shielding minors from" obscenity). These arguments plainly advance the City's interest in imposing the permit conditions, but are left unaddressed by the City. That silence is deafening.  If Proposed Intervenors are not allowed to intervene, the most compelling arguments in support of City's restrictions may not be given due consideration by the Court in determining whether a preliminary injunction shall issue in this case and whether Plaintiff's Complaint should survive dismissal.

### B.    Proposed Intervenors Have an Interest in the Subject Matter of the Suit.

"Before a party can intervene as a matter of right, it must timely move to intervene [and]…show that it has an interest in the subject matter of the suit…" *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002). Proposed Intervenors have an interest in the subject matter of the suit in that each of them are

parents with young children who frequently make use of the playground at Cambier Park, and will be deprived of their peaceful enjoyment of the park should this Court grant Plaintiff its requested relief. (*See* Declarations of Kimberly Collins, Teddy Collins, and Chelsea Melone filed herewith.)

While Rule 24(a) does not specify the precise nature of the interest necessary to intervene as of right in pending litigation, the Supreme Court has recognized that "[w]hat is obviously meant . . . is a significantly protectable interest" in the subject matter of the litigation. *Donaldson v. U.S.*, 400 U.S. 517, 542 (1971); *Chiles*, 865 F.2d at 1213 (same). *See also* Fed. R. Civ. P. 24 advisory committee notes ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."). To be sure:

> [A]lthough an asserted interest must be 'legally protectable,' it need not be legally *enforceable.* In other words, an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim.

*Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015). In the context of statutory schemes being alleged as unconstitutionally applied, those who are subject to the effects of the application of the scheme have sufficient interest to intervene. *See Chiles*, 865 F.2d at 1214 ("in cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention (quoting 7C C. Wright, A. Miller, & M. Kane, *Fed. Prac. & Proc.* §1908, at 285 (2d ed. 1986)).

10

It cannot be disputed that Proposed Intervenors and their children will be substantially affected in a practical sense if this Court grants Plaintiff's requested injunction, thereby allowing a drag performance to occur in open air in full view of a busy children's playground. Children – and their parents, by extension – have a legally protectible interest in safe parks and playgrounds. *See, e.g.*, *United States v. Shultz*, 733 F.3d 616, 621 (6th Cir. 2013) (upholding restrictions on convicted sex offenders from loitering in or around parks of playgrounds). Parents also have an undeniable interest in the material their children are exposed to. *See, e.g., Penguin Random House LLC v. Gibson*, 2025 WL 902041, at *4 (M.D. Fla. Feb. 28, 2025) ("[P]arents have an interest in challenging the prohibition of school library books they and their children desire to read."). The State of Florida recognizes the importance that children be protected from exposure to drag and other sexualized live performances so much so that in 2023 it enacted into law HB 1423, entitled "Protection of Children" which, among other things, outlaws the admission of children to adult live performances including drag shows.[1] Especially because the State has not been given proper notice of this action and afforded a meaningful opportunity to intervene, Proposed Intervenors are in the best position currently to vindicate "the State's interest in protecting the well-being of its youth and in aiding parents' right to rear their children" *Am. Booksellers Ass'n, Inc. v. McAuliffe*, 533 F. Supp. 50, 56 (N.D. Ga. 1981) since the City has demonstrated a confounding reluctance to do so in this litigation. *See also Brumfield v. Dodd*, 749 F.3d

---

[1]    *See* CS/HB 1423, *Protection of Children*, The Florida Senate (2023), *available at* https://www.flsenate.gov/Session/Bill/2023/1423 (last visited May 7, 2025).

339, 344 (5th Cir. 2014) (granting parents' right to intervene in an action challenging their children's potential access to school vouchers finding that they are "within the zone of interest of the legislation enacting the Scholarship Program; indeed, these parents and their children were its primary intended beneficiaries.").

**C.    Proposed Intervenors Are So Situated That Disposition of the Action, as a Practical Matter, May Impede or Impair Their Ability to Protect That Interest.**

If this matter is decided in Plaintiff's favor, whether on an interim basis by granting the requested preliminary injunction or in the ultimate disposition of this matter, Proposed Intervenors will be impaired from protecting their interests in use of the children's playground at Cambier Park while shielding their children from material inappropriate for consumption by children. Proposed Intervenors described in great detail in their respective Declarations filed herewith their interest in the use of the Cambier Park playground and simultaneous interest in protecting their children from exposure to a drag performance, and that both of those interests cannot be preserved if Naples Pride is permitted to hold its drag show outdoors in conjunction with its Pridefest event. Again, Proposed Intervenors "cannot breathe life into rights already foregone" by the City's failure to protect Proposed Intervenor's interest, *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995), or to raise constitutionally sufficient bases to preclude Plaintiffs from violating Florida law in a manner that exposes their minor children to grossly inappropriate conduct. The Court's resolution of this matter without Proposed Intervenor's participation stands to significantly (and

perhaps permanently) impact their ability to shield the innocence of their children and preventing a violation of the law.

### D.    Proposed Intervenors' Interests are Inadequately Represented by the Existing Parties.

It is plainly evident to Proposed Intervenors that their interests in shielding their minor children from the proposed drag performance Naples Pride wishes to host in the bandshell at Cambier Park are not only inadequately represented by the parties to this action, but are altogether disregarded. Plaintiff has touted its proposed event as "family friendly," and Defendants have avoided confronting that false statement head on or even challenging their veracity. In fact, the City of Naples has demonstrated an aversion to broaching the issue of obscenity, lewdness, or harm to minors posed by the proposed drag performance in view of children altogether. Again, the City's silence on these critical issues is deafening to Proposed Intervenors' interests. As was true in *Chiles*, the government "has decide[d] not to emphasize the plight of the [Proposed Intervenors and their minor children]," and has instead focused on more nuanced approaches to defeating Plaintiff's claims. 865 F.2d at 1215. The fact that the City is attempting to prevent a preliminary injunction does not mean that it is adequately representing Proposed Intervenor's interest because "[t]he fact that the interests are similar does not mean that approaches to litigation will be the same." *Id.* Here, it is abundantly clear that the approaches are vastly different, and the City's approach leaves Proposed Intervenors' seminal interest unspoken.

The City's refusal to fully elucidate for this Court the rationale behind the restrictions it imposed on the 2025 Naples Pridefest is undeniable. The City offers only one defense to Plaintiff's quest for injunctive relief—namely that Cambier Park is a limited public forum in which it may impose reasonable and viewpoint neutral criteria on permit applicants. That may be true, but it leaves appreciable and significant arguments on the table that not only permit—but demand—that this Court deny Plaintiff's requested injunction. For some inexplicable reason, the City has refused to even suggest, much less forcefully defend itself on the constitutional grounds that Plaintiff's grossly inappropriate sexualized performances are only afforded limited (if any) protection under the First Amendment, and whatever protection may exist is eviscerated when considered in the context of exposure to children. The City has also refused to defend its permit conditions on the grounds that it is prohibited by state law from issuing the requested permit.

Even if this Court does not agree that the City's posture in this case is woefully inadequate to protect Proposed Intervenors' interests (not to mention Defendants' own interests), the "inadequate representation" requirement of Rule 24(a)(2) is generally "satisfied if the applicant shows that representation of his interest '*may* be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). *See also Chiles*, 865 F.2d at 1214-15 (same).

In the event either of the parties argue in response to this motion that Proposed Intervenors' status as *amici* in this action is sufficient to have their interests considered

by this Court, it should be noted that "Participation by the intervenors as amicus curiae is not sufficient to protect against" practical impairments since "[a]micus participants are not able to make motions or to appeal the final judgment in the case." *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986). *See also Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981) (amicus is insufficient alternative to intervention because "lacking party status [Proposed Intervenors] had no right to seek review by appeal of any decision affecting its identified substantive interests"). The same would be true here.

## II.    Proposed Intervenors Satisfy the Standard for Permissive Intervention.

Alternatively, if this Court finds that Proposed Intervenors do not satisfy the standard for intervention as of right pursuant to Rule 24(a), which they do, it should nevertheless grant Proposed Intervenors permissive intervention under Rule 24(b).

> A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir.1983)). Additionally, permissive intervention must not "unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia v. U.S. Army Corps of Engr'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). When an issue involved in the litigation is of critical importance to a proposed intervenor, their participation in the litigation should not be discouraged. *See Arizona v. California*, 460 U.S. 605, 614 (1983).

15

**A.**    **Proposed Intervenors' Motion is Timely.**

Proposed Intervenor's permissive intervention is timely for the same reasons

discussed *supra* Section I. A.

**B.**    **Proposed Intervenor's Defense in the Litigation Shares a Common
Question of Law and Fact with the Underlying Claims.**

As discussed at length hereinabove, the question of law common to all parties

to this litigation and Proposed Intervenors is whether the First Amendment bars the

City of Naples from limiting the proposed Naples Pride drag show to an indoor venue

and adult-only viewing audience. Naples Pride brings this action challenging those

conditions placed upon the permit issued to it by the City of Naples for its 2025

Pridefest. The City of Naples is purportedly defending the constitutionality of the

contours of the permit it issued, although it has focused on the public safety basis for

the restrictions. Proposed Intervenors wish to offer the Court a fuller defense of the

permit conditions in the interests of their children and their uninterrupted use of the

Cambier Park playground without the forced viewing of men in drag dancing in a

sexually suggestive manner.

Plaintiffs, Defendants, and Proposed Intervenors all share the interest in

determining the constitutionality of the parameters of the City's approval of Plaintiff's

special event permit. Defendants and Proposed Intervenors have related interests in

defending the City's permitting scheme and the conditions placed upon the specific

permit granted to Naples Pride for its 2025 event against constitutional scrutiny, and

Proposed Intervenors have additional private interests in this Court upholding the

current permit restrictions. It therefore cannot be gainsaid that Proposed Intervenors have a claim or defense that shares a common question of law with the underlying litigation.

### C. Proposed Intervenor's Participation Will Not Unduly Prejudice Any Party or Delay the Proceedings.

There is no prejudice by permitting Proposed Intervenors to advance constitutional arguments of significant relevance to the Court's adjudication of this case. One consideration in determining whether a grant of permissive intervention would unduly prejudice either party is whether the intervention would require parties to expend significant additional resources. *See In re Baycol Prods. Litig.*, 214 F.R.D. 542, 544 (D. Minn. 2003). Increased briefing, however, is not considered to be prejudicial to the parties when no new issues are being presented by the proposed intervenor. *See Planned Parenthood of Minn., N.D., S.D. v. Rounds*, 2005 WL 2338863, *5 (D.S.D. Sept. 23, 2006). As the Eleventh Circuit has made clear, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). Here, granting Proposed Intervenors' motion will permit the Court to adjudicate Plaintiff's claims with a full understanding and presentation of the constitutional issues at stake.

Proposed Intervenors are not seeking to delay or introduce additional issues into the litigation, only to ensure the Court is provided with a comprehensive framework

to adjudicate Plaintiff's requested injunctive relief. And, since Proposed Intervenors have largely submitted their materials to the Court already in advance of its consideration of Plaintiff's motion, there will be no delay whatsoever. *E.g.*, *Greene v. Raffensberger*, 2022 WL 1045967 (N.D. Ga. Apr. 7, 2022) (granting permissive intervention because "Proposed Intervenors have already submitted relevant briefs, such that the Court can consider them in advance" of its decision, and "[c]onsequently, allowing Proposed Intervenors to join the case will not cause any undue delay or prejudice to the existing parties."); *New Georgia Project v. Raffensberger*, 2021 WL 2450647, *2 (N.D. Ga. June 4, 2021) (same).

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant their motion to intervene as a matter of right, or in the alternative, to grant Proposed Intervenors' motion for permissive intervention, together with the other requested ancillary relief and any other relief this Court may deem just and proper.

Dated: May 7, 2025

<div style="margin-left:50%;">

Respectfully submitted,

/s/ Kristina S. Heuser
Kristina S. Heuser
Horatio G. Mihet
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
dschmid@lc.org
kheuser@lc.org

*Attorneys for Amici and*
*Proposed Intervenors*

</div>

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that I conferred with counsel for both parties, seeking consent to file the proposed amicus brief. Defendants take no position with respect to this motion, whereas Plaintiff indicated by email that it opposes the relief sought herein.

/s/ Kristina S. Heuer
Kristina S. Heuser

*Attorney for Amici and*
*Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I caused a true and correct copy of the

foregoing to be filed electronically with this Court. Service will be effectuated on all

counsel of record via the Court's ECF/electronic notification system.

/s/ Kristina S. Heuser
Kristina S. Heuser

*Attorney for Amici and
Proposed Intervenors*