```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

NAPLES PRIDE, INC.,

    Plaintiff,

v.                                    Case No. 2:25-cv-291-JES-KCD

CITY OF NAPLES; NAPLES CITY COUNCIL; TERESA HEITMANN, TERRY HUTCHISON, RAYMOND CHRISTMAN, BETH PETRUNOFF, BILL KRAMER, LINDA PENNIMAN, and BERNE BARTON, in their official capacities as City Council members; NAPLES POLICE DEPARTMENT; and CIRO DOMINGUEZ, in his official capacity as Naples Chief of Police,

    Defendants.

_____

## PRELIMINARY INJUNCTION

This matter comes before the Court on the Time-Sensitive Motion For Preliminary Injunction (Doc. #12) filed on April 12, 2025, by Plaintiff Naples Pride, Inc. (Plaintiff or "Naples Pride"). Defendants City of Naples; Naples City Council; members of the City Council in their official capacities (Teresa Heitman, Terry Hutchison, Raymond Christman, Beth Petrunoff, Bill Kramer, Linda Penniman, and Berne Barton); Naples Police Department; and Ciro Dominguez, in his official capacity as Naples Chief of Police (collectively Defendants), filed a Response in Opposition (Doc. #39) on April 30, 2025. With leave of Court (Doc. #33), Liberty

Counsel and three individuals filed an Amicus Brief (Doc. #38) on April 30, 2025. Also with leave of Court (Doc. #45), America's Future, Inc. filed an Amicus Brief. (Doc. #54.) Plaintiff filed a Reply (Doc. #48) to Liberty Counsel's brief. The Court heard oral arguments on May 2, 2025.

In order to obtain a preliminary injunction, plaintiff Naples Pride, Inc. must establish that it is substantially likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of a preliminary injunction, that the balance of equities tips in its favor, and that a preliminary injunction is in the public interest. The Court has issued an Opinion and Order (Doc. #66) granting in part and denying in part Plaintiff's request for a preliminary injunction. The Court adopts and incorporates the Opinion and Order herein.

In summary, the Court has found that: (1) Naples Pride is substantially likely to prevail on the as-applied challenge to the Permit in Count I of its Complaint, and that (a) the First Amendment applies to a municipal government such as the City of Naples; (b) Naples Pride's "family friendly" drag performance is expressive conduct that constitutes "speech" under the First Amendment; (c) the drag performance will take place at a traditional public forum, or alternatively, at a limited public forum; (d) whether evaluated under a viewpoint- or content-based standard, the Permit's location and age restrictions violate the First Amendment; (e) whether

evaluated under a viewpoint- or content-based standard, a portion of the assessed security fees violate the First Amendment, but extraordinary relief is not warranted for the security fee at this time; and (f) Naples Pride has not shown that it is substantially likely to prevail on its facial challenge to the permitting scheme in Count II.  The Court has also found that Naples Pride has established that: (2) it is likely to suffer irreparable harm in the absence of a preliminary injunction; (3) the threatened injury to its First Amendment rights outweighs the harm a preliminary injunction may cause to Defendants; and (4) the issuance of a preliminary injunction is in the public interest.  Finally, the Court has found that Naples Pride must post a nominal bond in the amount of $100.

Accordingly, it is now

**ORDERED**:

1. Plaintiff shall post a one-hundred-dollar ($100) cash or surety bond with the Clerk of the Court.
2. Upon posting of the bond, Defendants and all officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants within the meaning of Federal Rule of Civil Procedure 65(d)(2), and who receive proper notice of the preliminary injunction, are hereby restrained and enjoined under penalty of contempt from the following:

(a) Prohibiting the planned Naples Pride Pridefest, including its drag performance (the "Drag Performance") from taking place outdoors in Cambier Park, including its mainstage;

(b) Imposing an age restriction on the audience for Pridefest or the Drag Performance;

(c) Enforcing the conditions on the permit previously issued (the "Permit") for Plaintiff's June 7, 2025, Pridefest event (the "Event") that have been rendered invalid by Sections 2(a) or 2(b) of this Preliminary Injunction; and

(d) Revoking, terminating, or modifying the Permit for non-compliance with the former two conditions imposed on the Permit.

3. Any violation of the terms of this Preliminary Injunction is punishable by, inter alia, a finding of contempt of court.

4. This Preliminary Injunction does not impact the security that Defendants may provide to Pridefest as long as it does not prohibit the Drag Performance from taking place outdoors in Cambier Park or impose an age restriction on its audience.

5. Absent further order from the Court, this Preliminary

Injunction shall expire on June 8, 2025.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of May 2025.

                                                                    /s/ John E. Steele
                                                                    JOHN E. STEELE
                                                                    SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record