UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES PRIDE, INC.,

      Plaintiff,

v.                          Case No.  2:25-cv-291-JES-KCD

CITY OF NAPLES; NAPLES CITY
COUNCIL; TERESA HEITMANN,
TERRY HUTCHISON, RAYMOND
CHRISTMAN, BETH PETRUNOFF,
BILL KRAMER, LINDA PENNIMAN,
and BERNE BARTON, in their
official capacities as City
Council members; NAPLES
POLICE DEPARTMENT; and CIRO
DOMINGUEZ, in his official
capacity as Naples Chief of
Police,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Emergency Motion to Stay Preliminary Injunction Pending Appeal and Memorandum in Support (Doc. #77) filed on May 22, 2025.  At the Court's request, Plaintiff Naples Pride, Inc. ("Naples Pride" or Plaintiff) filed an expedited Response in Opposition (Doc. #83) on May 23, 2025.  For the reasons set forth below, the motion is **DENIED**.

### I.

Two weeks ago, on May 12, 2025, this Court issued a preliminary injunction.  That preliminary injunction forbids Defendants from, *inter alia*, enforcing two permit restrictions against

Naples Pride relating to a drag performance scheduled to occur during Pridefest 2025 in Cambier Park, Naples, Florida, on June 7, 2025. The first permit restriction is an indoor-only location requirement that would only allow the drag performance to take place inside a specified building with a 200-person capacity. The second permit restriction is an age requirement that would prohibit those under 18 years of age from attending the performance.

Naples Pride brought as-applied challenges to those permit restrictions, asserting that they are content and viewpoint based and therefore violate the First Amendment. Naples Pride also brought an as-applied challenge to Defendants' proposed security fees for Pridefest 2025: (1) $30,697.50 for the entire event if an indoor drag performance is held, or (2) $44,160.00 for the entire event if an outdoor drag performance is held. Finally, Naples Pride asserted a facial challenge against the City of Naples' permitting ordinance, claiming that the entire permitting scheme violates the First Amendment.

Defendants did not dispute that the proposed drag performance would be "family friendly" or that the First Amendment applies to the drag performance. Rather, Defendants argued that the portion of Cambier Park where Pridefest is set to occur would temporarily transform into a limited public forum and cease functioning as a traditional public forum. Defendants also argued that the Con-stitution does not bar the imposition of reasonable time, place,

- 2 -

and manner restrictions in a limited public forum. Defendants argued further that the location and age requirements were imposed for two content-neutral reasons: (1) experience, the possible impact of protesters, potential and credible threats, and trends in violence worldwide justified the restrictions as security measures; and (2) concern that the City, its agents, and/or employees may be prosecuted under Fla. Stat. § 827.11(3) if the permit were granted without an age restriction.

This Court was not fully convinced by either side's arguments. The Court rejected Naples Pride's facial challenge to the City's permitting scheme. The Court also determined that extraordinary relief was not warranted for the estimated security fees, which were to be finalized and invoiced at a later time. The Court was convinced, however, that a preliminary injunction was justified as to the location and age restrictions after determining that Cambier Pride is a traditional public forum, where speech receives the highest protection. The Court also found that even if Cambier Park became a limited public forum, the location and age restrictions would violate the First Amendment because they are neither content nor viewpoint neutral. The Court thus issued a preliminary injunction that forbids the enforcement of those two restrictions for the drag performance scheduled for June 7, 2025.

Prior to filing the instant motion to stay, Defendants filed a Notice of Appeal (Doc. # 76) with the United States Court of

Appeals for the Eleventh Circuit.[1]

In the present motion (Doc. #77), Defendants seek to stay the preliminary injunction during the pendency of their appeal to the Eleventh Circuit. Since Pridefest 2025 and its drag performance are scheduled for June 7, 2025, and the preliminary injunction by its terms expires on June 8, 2025, granting a stay would essentially vacate the preliminary injunction.

## II.

"A stay is not a matter of right." Nken v. Holder, 556 U.S. 418, 433 (2009). Rather, a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Id.

In determining whether to issue a stay, a court considers four factors: (1) whether the applicant has made a "strong" showing of a likelihood of success on the merits; (2) whether the

---

[1] Filing a notice of appeal generally divests a district court of further jurisdiction over the matter being appealed. Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986) (citing United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979) (en banc)). An exception exists, however, for related matters before a district court whose resolution would be "in aid of appellate review." United States v. Brown, 438 F. App'x 871, 872 (11th Cir. 2011). Numerous courts have held that the filing of a notice of appeal does not deprive a district court of jurisdiction over a motion to stay its judgment. See, e.g., Rakovich v. Wade, 834 F.2d 673, 674 (7th Cir. 1987); Matter of Miranne, 852 F.2d 805, 806 (5th Cir. 1988); see also TB Food USA, LLC v. Am. Mariculture, Inc., No. 2:17-CV-9-FTM-29NPM, 2023 WL 2013520, at *1 (M.D. Fla. Feb. 15, 2023) (Steele, J.). In addition, a request for a stay is normally addressed in the first instance to the district court. Fed. R. App. P. 8(a)(1)(A); see also Fed. R. Civ. P. 62(c)(1), 62(d).

applicant will suffer "irreparable harm" absent a stay; (3) whether granting the stay will "substantially injure" the other parties interested in the proceeding; and (4) where the "public interest" lies.  Nken, 556 U.S. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); League of Women Voters of Fla., Inc. v. Fla. Sec'y of State, 32 F.4th 1363, 1370 (11th Cir. 2022).  "The first two factors," likelihood of success and irreparable harm, "are the most critical."  Nken, 556 U.S. at 434.  Defendants have established none of the factors.

**A. Likelihood of Success**

Ordinarily, a "strong" showing of a likelihood of success on appeal is required to grant a stay pending appeal.  Nken, 556 U.S. at 434.  But the Eleventh Circuit allows for a more "relax[ed]" standard when "the balance of equities . . . weighs heavily in favor of granting the stay."  League of Women Voters, 32 F.4th at 1370.  In that scenario, the Eleventh Circuit has instructed that a stay may be granted upon the "lesser showing" of a "substantial case" on the merits.  Id.

In their motion to stay, Defendants stake out a new position from that previously argued in opposing the preliminary injunction. Defendants no longer assert that relevant forum is Cambier Park, which has been "transform[ed] [from] a traditional forum into a more limited one."  (Doc. #39, pp. 9-17); see also (id. at 10) ("Cambier Park is a limited public forum") (emphasis added).  De-

- 5 -

fendants now contend that the forum is "not the park itself," but the City's "Special Events Program," "through [which] the City has created a forum limited to a certain class of speakers." (Doc. #77, p. 7.) The City's "Program" is not the forum at issue in this case, no matter what Defendants now assert. But in any event, as this Court previously found, the location and age restrictions are content and viewpoint based, and thus, unconstitutional, whether the forum is a traditional or limited public forum.

Defendants also assert that their application of these restrictions to Naples Pride is not constitutionally suspect because Defendants "would [not] have done anything different in response to different content or different viewpoints that created similar security risks." (Id. at 11.) Indeed, Defendants aver that they would impose "similar safety-based conditions" to political or controversial "events that could create similar security risks" "such as a pro-Palestine or pro-Israel rally, or a pro-life event featuring graphic portrayals of aborted fetuses." (Id. at 11-12.) This line of argument simply reinforces Naples Pride's contention that Defendants do indeed consider the content of a permit applicant's message, as well as the applicant's viewpoint, in determining what restrictions to impose.

Defendants have neither made a "strong" showing of a likelihood of success nor a "substantial case" on the merits. The first factor therefore weighs against issuance of a stay.

### B. Irreparable Harm to the Applicant

Defendants assert two grounds of irreparable harm.  First, they contend that "[t]he government suffers irreparable harm when it cannot enforce its law."  (Doc. #77, pp. 20-21.)  But as Defendants themselves recognize, no such harm is shown where an underlying ordinance is "unconstitutional."  (Id.) (quoting Abbott v. Perez, 585 U.S. 579, 602 n.17, 602-03 (2018)).  And as the Court has found, and continues to find, the two restrictions are likely unconstitutional as applied to Naples Pride, and Defendants' recent arguments only reinforce that determination.

Second, Defendants contend that the injunction "frustrates [their] basic obligation to further [their] significant interest in public safety."  (Id. at 21.)  But the preliminary injunction is tailored not to "impact the security that Defendants may provide to Pridefest" beyond the two enjoined restrictions.  (Doc. #67, p. 4.)  And as Naples Pride notes, during the January 15, 2025, City Council hearing about Pridefest 2025, NPD[2] affirmed that even "[i]f we have the stage show," i.e., outdoors on the Bandshell, "as is being proposed, we can accommodate that."  (Doc. #12-18, p. 5, 14:9-10); (Doc. #83, p. 16).  NPD also took pains to state "on the record that there will be other officers in town on [June 7, 2025]," who will be "standing by in the event there is an issue

---

[2] The Naples Police Department.

and we need their help." (Doc. #12-18, p. 5, 15:19-22.)

Therefore, Defendants have not shown that they will suffer "irreparable harm" absent a stay, and this factor weighs against issuance of a stay.

### C. Substantial Injury to Naples Pride

Defendants do not dispute that "even a temporary infringement of First Amendment rights constitutes a serious and substantial injury." KH Outdoor, LLC v. Trussville, 458 F.3d 1261, 1272 (11th Cir. 2006). Instead, Defendants argue for the first time that an infringement of Naples Pride's First Amendment rights cannot con- stitute a "substantial" injury because Naples Pride waited "more than two years from when the conditions were first applied [in 2023], and three months from when the conditions were imposed for this year's Pridefest" before "mounting a constitutional challenge to the location and age conditions." (Doc. #77, p. 17-18.)

As Defendants correctly state, "the Eleventh Circuit has em- phasized that a delay of even a few months militates against fin- ding irreparable harm." (Id. at 18-19) (citing Adams v. Bordeau Metals Se., LLC, No. 24-11572, 2025 WL 1122444, at *4 (11th Cir. Apr. 25, 2025) (per curiam) (vacating preliminary injunction and remanding for consideration of whether eleven-month delay before filing suit militated against a finding of irreparable harm); Bethune-Cookman Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, No. 22-14257, 2023 WL 3704912, at *3-4 (11th Cir. May 30,

2023) (per curiam) (affirming district court's denial of preliminary injunction after unexplained six-month delay before filing suit); <u>Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d 1244, 1248 (11th Cir. 2016) (affirming district court's denial of preliminary injunction after unexplained five-month delay before filing suit)). The Court is not convinced that the delays now highlighted by Defendants weigh in favor of a stay of the preliminary injunction.

The Court does not accept Naples Pride's argument that Defendants waived the timeliness argument by failing to raise it in their response to the preliminary injunction motion.  (Doc. #83, p. 17.)  But the Court will consider the belatedness of Defendants' argument in determining the weight it should be accorded.

It is true that Defendants are likely to have violated Naples Pride's First Amendment rights in the prior two years.  However, a small entity's reluctance to pursue the vindication of its rights in federal court against a municipality is understandable.  The proceedings so far in this case amply demonstrate that federal litigation is not always for the faint of heart.  Naples Pride's explanation for the three-month delay in bringing this constitutional challenge to Pridefest 2025's location and age restrictions is persuasive.  A period of two to three months seems reasonable for a party to find appropriate counsel, "consider [its] options, prepare [its] lawsuit, and prepare [its] [preliminary injunction] motion."  <u>Dream Defs. v. DeSantis</u>, 559 F. Supp. 3d 1238, 1285 (N.D.

Fla. 2021), rev'd and remanded on other grounds sub nom. Dream Defs. v. Governor of Fla., 119 F.4th 872 (11th Cir. 2024); see also Georgia v. United States, 398 F. Supp. 3d 1330, 1347 (S.D. Ga. 2019).

Considering all time-related factors, Defendants have failed to show that granting a stay would not substantially injure Naples Pride. The third factor thus weighs against issuance of a stay.

**D. Public Interest**

As to the public interest, Defendants rely on a single assertion: "[t]here is always a public interest in executing the law." (Doc. #77, pp. 24–25) (internal quotation marks omitted) (citing Nken, 556 U.S. at 436; Labrador v. Poe ex rel. Poe, 144 S. Ct. 921, 932 (2024) (Mem. Op.) (Kavanaugh, J., concurring in grant of stay)). True enough. But as this Court previously noted, "[t]he public has no interest in enforcing an unconstitutional ordinance." (Doc. #66, p. 46); KH Outdoor, LLC, 458 F.3d at 1271–72; LaCroix v. Town of Fort Myers Beach, Florida, 38 F.4th 941, 955 (11th Cir. 2022) ("neither the government nor the public has any legitimate interest in enforcing an unconstitutional ordinance"). Therefore, Defendants have not shown that the public interest favors granting a stay.

In summary, all four stay factors lean against granting the requested stay. Therefore, Defendants' motion for a stay pending appeal is **DENIED**.

Accordingly, it is now

**ORDERED:**

Defendants' Emergency Motion to Stay Preliminary Injunction

Pending Appeal and Memorandum in Support (Doc. #77) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  27th  day of

May 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record