# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-11756

_____

NAPLES PRIDE, INC.

                                                      Plaintiff-Appellee,

*versus*

CITY OF NAPLES,
NAPLES CITY COUNCIL,
TERESA HEITMANN,
Official Capacity as City Council member,
TERRY HUTCHISON,
Official Capacity as City Council member,
RAYMOND CHRISTMAN,
Official Capacity as City Council member, et al.,

                                                      Defendants-Appellants.

_____

| 2 | Order of the Court | 25-11756 |
|---|---|---|

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:25-cv-00291-JES-KCD

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

BY THE COURT:

  In 2023 and 2024, Naples Pride, Inc. applied for a permit under the City of Naples, Florida's special event ordinance to hold a drag performance at a city park. Both years, the city granted a permit but with two conditions: first, that the drag performance had to be held indoors, and second, that attendance had to be limited to adults eighteen years or older. The performance went on with those two conditions.

  The same thing happened in 2025. Naples Pride applied for a permit to hold the same drag performance at the same city park on June 7, and, in January 2025, the city granted the same permit with the same two conditions. The only difference this time was that, in April 2025, Naples Pride sued the city, claiming that it violated the group's First Amendment free speech rights by adding the two permit conditions under the special event ordinance. Naples Pride moved to preliminarily enjoin the city from enforcing the two conditions, and the district court granted the motion. The district court concluded that: the drag performance was protected expression under the First Amendment; the event was a traditional

Case 2:25-cv-00291-JES-KCD   Document 90   Filed 06/06/25   Page 3 of 14 PageID 1773
USCA11 Case: 25-11756   Document: 19-2   Date Filed: 06/06/2025   Page: 3 of 13

25-11756                Order of the Court                3

public forum; and the two permit conditions were viewpoint- and content-based restrictions.

The city now moves to stay the preliminary injunction. "Under the traditional standard for a stay, we consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022) (cleaned up). But "when the balance of equities weighs heavily in favor of granting the stay—we relax the likely-to-succeed-on-the-merits requirement. In that scenario, the stay may be granted upon a lesser showing of a substantial case on the merits." *Id.* (cleaned up).[1]

---

[1] Naples Pride argues that our standard should be a higher one because a stay pending appeal would effectively dispose of the litigation on the merits. But the group's premise is wrong. A stay would not dispose of litigation on the merits because Naples Pride has sought compensatory and nominal damages for the violation of its free speech rights. The damages claim would continue, and the litigation would go on, no matter what happens with the stay.

The dissent adds that our review should be for clear error. But we only "apply the clear error standard to all factual findings." *Givens v. Green*, 12 F.3d 1041, 1043 (11th Cir. 1994). Whether the two permit conditions are viewpoint-based restrictions and whether the special event is a limited public forum are legal conclusions, not fact findings. And even if they were fact findings, they would be constitutional facts in a First Amendment case, which we review de novo. *See Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018) ("Ordinarily, we

Case 2:25-cv-00291-JES-KCD   Document 90   Filed 06/06/25   Page 4 of 14 PageID 1774
USCA11 Case: 25-11756   Document: 19-2   Date Filed: 06/06/2025   Page: 4 of 13

4                              Order of the Court                           25-11756

Here, for three reasons, the city has a substantial case on the merits that the district court abused its discretion in preliminarily enjoining the permit conditions. First, "[a] delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm," which is a "require[d]" element for "[a] preliminary injunction." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). Naples Pride delayed seeking an injunction by more than "only a few months." *See id*. The city added the conditions to Naples Pride's permit in 2023—two years ago—yet Naples Pride did not move to preliminarily enjoin the permit conditions until April 2025. Even after the two conditions were added by the city in January 2025 for this year's drag performance, Naples Pride still delayed in moving for a preliminary injunction by "a few months." *See Wreal*, 840 F.3d at 1248. The group filed its motion in April 2025.

Second, the city has a substantial case that the two permit conditions were not imposed based on Naples Pride's viewpoint. A viewpoint-based condition is one that "targets not merely a subject matter, but particular views taken by speakers on a subject." *Vidal v. Elster*, 602 U.S. 286, 293 (2024) (quotation omitted). Here, the two conditions were not targeted at Naples Pride's views expressed through drag performances. As Naples Pride explained

---

review district court factfindings only for clear error, but First Amendment issues are not ordinary. Where the First Amendment Free Speech Clause is involved our review of the district court's findings of constitutional facts, as distinguished from ordinary historical facts, is de novo." (citations and quotations omitted)).

25-11756                Order of the Court                5

when the permit conditions were initially added, they were "necessary" "due to safety concerns" and to "put the safety of [its] guests first." Naples Pride "d[id] not believe" the police department's security-related concerns—which were the reasons for the city's permit conditions—resulted from "discriminat[ion]."

The dissent responds, quoting *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022), that the First Amendment does not allow a heckler's veto to proscribe protected activity "based on 'perceptions' or 'discomfort.'" *Id.* at 534 (quoting *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 119 (2001)). But the city did not add the two permit conditions because of perceptions or discomfort. The conditions were added, as Naples Pride agreed, because they were "necessary" to address "safety concerns" and to ensure "the safety of [its] guests." In any event, the two conditions did not veto the drag performance. The performance went on as scheduled in 2023 and 2024, and will this year too.

Third, the city has a substantial case on the merits that the special event is a limited public forum.[2] A "limited public forum" has one of "two features": "whether the forum is limited to a

---

[2] The dissent says that the city forfeited the issue that the special event was a limited public forum. But the limited public forum issue was not forfeited. The parties briefed the issue to the district court, and the district court ruled on it. The limited public forum issue was "properly presented," which means the city was "not limited to the precise argument [it] made below." *See In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019) (quotation omitted). It could "make any argument in support of that issue." *Id.* (quotation omitted; alteration adopted).

Case 2:25-cv-00291-JES-KCD   Document 90   Filed 06/06/25   Page 6 of 14 PageID 1776
USCA11 Case: 25-11756   Document: 19-2   Date Filed: 06/06/2025   Page: 6 of 13

6                          Order of the Court                    25-11756

specific class of speakers, and whether the forum is limited to speech on specific topics." *McDonough v. Garcia*, 116 F.4th 1319, 1328 (11th Cir. 2024) (en banc). "If either (or both) is present, we have a limited public forum." *Id.* Here, the drag performance has both. Like the "city council meetings" in *McDonough*, the special event is limited to a specific topic—"a celebrat[tion of] the LGBTQ+ community" to "express themselves without fear"—and it is limited to a class of speakers, musicians, and performers selected by the event organizer. *See id.*

In a limited public forum, the city's "restrictions on speech must not discriminate against speech on the basis of viewpoint and must be reasonable in light of the purpose served by the forum." *Id.* at 1329 (quotations omitted). Here, as we explained, the two permit conditions were not added based on Naples Pride's viewpoint. And they were reasonable in light of the special event. As Naples Pride agreed when the two conditions were first imposed, they were "necessary" "due to safety concerns" and to "put the safety of [its] guests first."[3]

---

[3] The dissent says that Naples Pride is likely to succeed on the merits because we, in a different case, affirmed an order enjoining Florida Statute section 827.11's "lewd conduct" restriction. *See HM Fla.-ORL, LLC v. Governor of Fla.*, No. 23-12160, 2025 WL 1375363, at *21-22 (11th Cir. May 13, 2025). But this case is about the city's special event ordinance as applied to Naples Pride's special event. It has nothing to do with section 827.11, and our decision in *HM Fla.-ORL* says nothing about whether the district court abused its discretion by granting a preliminary injunction here.

Case 2:25-cv-00291-JES-KCD   Document 90   Filed 06/06/25   Page 7 of 14 PageID 1777
USCA11 Case: 25-11756   Document: 19-2   Date Filed: 06/06/2025   Page: 7 of 13

25-11756                Order of the Court                7

The remaining stay factors weigh heavily in favor of granting a stay. "[T]he inability to enforce its duly enacted [ordinance] clearly inflicts irreparable harm on the [city]." *Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018); *see also Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (alteration in original) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers))). Naples Pride will not be substantially injured by a stay because it can hold the drag performance under the same two permit conditions that applied to the last two performances, in 2023 and 2024. And the public has an interest in the enforcement of the city's ordinance and the safety of residents and visitors in the city. *See L.W. ex rel. Williams v. Skrmetti*, 73 F.4th 408, 421–22 (6th Cir. 2023) (explaining that "the public interest" in the state "applying the law to its residents . . . weigh[ed] heavily in favor of the [s]tate at this juncture"); *see also Strange v. Searcy*, 574 U.S. 1145, 1145 (2015) (Thomas, J., dissenting) ("The equities and public interest likewise generally weigh in favor of enforcing duly enacted state laws.").

Because the stay factors weigh in the city's favor, we grant its motion to stay the preliminary injunction. The motion to intervene is carried with the case for the merits panel.

25-11756                    ABUDU, J., Dissenting                              8

ABUDU, Circuit Judge, dissenting from the order granting the motion for a stay:[1]

The district court's order granting a preliminary injunction against the City of Naples from enforcing a content and viewpoint-based restriction against Naples Pride in violation of the organization's First Amendment rights should not be disturbed by the issuance of a stay. For the very well-stated reasons the district court set forth in its own order denying the City's motion for a stay, so too should this Court.

In order to obtain a stay, the City of Naples had to establish that: (1) it made a strong showing that it is likely to succeed in defending Naples Pride's constitutional challenges to the restrictions it has imposed for content and viewpoint-based reasons; (2) absent a stay, conducting the performance outside will impose irreparable injury to the City; (3) Naples Pride, its members, supporters, and others will not be irreparably injured if the stay is issued; and (4) it is in the public's interest—including those who support the Pride festival's overall mission of inclusion—to enforce a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022). Moreover, before this Court may grant a stay it must conclude that the district court's decision was clearly

---

[1] The district court's denial of the motion to intervene also should be affirmed, but this dissent does not address that issue given the majority's decision to carry the motion to intervene with the case.

25-11756               ABUDU, J., Dissenting                    9

erroneous. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *In re Grand Jury Proceedings*, 689 F.2d 1351, 1353 (11th Cir. 1982)). This Court repeatedly has emphasized that "clear error" is a very deferential standard. *OHI Asset (VA) Martinsville SNF, LLC v. Wagner (In re Wagner)*, 115 F.4th 1296, 1303 (11th Cir. 2024). There is nothing about the district court's factual findings, legal analysis, or ultimate decision that is clearly erroneous and, therefore, there is no justification for essentially reversing it by granting the City's motion for a stay.

As the district court concluded, the City's requirements that the performance be held only inside and that only those 18 years old and over can attend are undeniably viewpoint and content-based "and thus, unconstitutional, whether the forum is a traditional or limited public forum."[2] *See McDonough v. Garcia*, 116 F.4th 1319, 1329 (11th Cir. 2024) (*en banc*) ("In a limited public

---

[2] Previously, the City asserted the Cambier Park was the relevant forum and was a traditional forum "transform[ed] . . . into a more limited one." For the first time in its motion to stay, the City asserted the forum is not Cambier Park, but the "Special Events Program" in which "the City has created a forum limited to a certain class of speakers." Arguments that are forfeited are unlikely to succeed because we typically do not allow parties to raise new arguments on appeal or after judgment. *C.f., e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (explaining that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment" and that, in particular, this prohibits "new arguments that were previously available, but not pressed"); *Thomas v. Bryant*, 614 F.3d 1288, 1305 (11th Cir. 2010) (explaining that an appellant may forfeit an argument by waiting until a post-trial motion, such as a motion for reconsideration, to raise it).

Case 2:25-cv-00291-JES-KCD    Document 90    Filed 06/06/25    Page 10 of 14 PageID 1780
USCA11 Case: 25-11756    Document: 19-2    Date Filed: 06/06/2025    Page: 10 of 13

25-11756                ABUDU, J., Dissenting                10

forum, as we have said, the government's restrictions on speech 'must not discriminate against speech on the basis of viewpoint' and 'must be reasonable in light of the purpose served by the forum.'" (quoting *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106-07 (2001))). *See also Naples Pride, Inc. v. City of Naples*, 2025 WL 1370174, at *13 (M.D. Fla. May 12, 2025) ("It is the perceived expressive conduct of the drag performance, and the potential hostile reaction it may engender in others, that caused the City to restrict the drag performance to the inside of a small building, and to disallow a performance at Cambier Park's bandshell."). *See also id.* (finding the age restriction to be viewpoint and content based because the City's justification is security concerns based on potential reactions to the performance and Amici seeks to maintain the age restriction based on "impropriety of the performers' conduct for viewers, especially children," and "'restriction[s] imposed on speech deemed immoral or scandalous is clearly a viewpoint-based restriction'"(quoting *Iancu v. Brunetti*, 588 U.S. 388, 394-99 (2019))).

Second, a panel of this Court already ruled that the "lewd conduct" restriction on speech in Fla. Stat. § 827.11 is likely unconstitutionally overbroad, even as to minors. *HM Fla.-ORL, LLC v. Governor of Fla.*, No. 23-12160, 2025 WL 1375363, at *21-22 (11th Cir. May 13, 2025). Unless and until *HM Fla.-ORL* is vacated or reversed, that decision remains a valid basis for the district

25-11756                ABUDU, J., Dissenting                11

court's conclusion that Naples Pride is likely to succeed on the merits of its First Amendment claims.[3]

Further, while threats of violence should be taken seriously, courts also have been extremely cautious about not elevating a "heckler's veto" into an extra factor of consideration when determining whether a gathering for the public should be so severely clamped down that the expression is unduly hampered. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534 (2022) (noting in the Establishment Clause context, the First Amendment does not include "a 'modified heckler's veto, in which . . . religious activity can be proscribed' based on 'perceptions' or 'discomfort'").

Moreover, as the district court highlighted, the Naples Police Department explicitly confirmed that officers would be able to accommodate the performance at an outdoor venue, especially given it confirmed additional out-of-town officers were standing by in case their help was needed. For these reasons, the City failed to make a "strong" showing of a likelihood of success on the merits. *See Nken*, 556 U.S. at 433–34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."); *Garcia-Mir*, 781 F.2d at 1453 ("Ordinarily," this "factor is the most important.").

As to the second factor, irreparable injury, the City failed to satisfy its burden by simply asserting that it suffers an injury any

---

[3] *See, e.g., Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (explaining that even a stay in the issuance of a mandate does not impact the precedential value of published opinions).

25-11756                    ABUDU, J., Dissenting                    12

time it is being enjoined. *Nken*, 556 U.S. at 433–34. Importantly, as the district court stated, "no such harm is shown where an underlying ordinance is 'unconstitutional.'" Overall, Naples Pride's First Amendment rights are being violated, which is a substantial deprivation of its fundamental right, not the City's. *FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) ("[A]n ongoing violation of the First Amendment constitutes an irreparable injury.").

As to the last two factors—harm to the opposing party and the public interest—"neither the government nor the public has any legitimate interest in enforcing an unconstitutional ordinance." *LaCroix v. Town of Fort Myers Beach*, 38 F.4th 941, 955 (11th Cir. 2022) (quoting *Otto v. City of Boca Raton*, 981 F.3d 854, 870 (11th Cir. 2020)). The City asserts Naples Pride will not be substantially injured and bases this argument on the timing of the organization's suit. The district court properly addressed and rejected this argument; Naples Pride has shown substantial injury that was not undermined by the timing of its suit given the organization's reasonable pre-suit conduct.

Finally, granting the City's motion for a stay is not in the public's interest, especially when reminded that the "public" includes all people, not just those like the proposed intervenors who adamantly oppose drag performances even when they can opt not to watch them. *Id.* ("[N]either the government nor the public has any legitimate interest in enforcing an unconstitutional ordinance."). In addition, relief to Naples Pride "is definitionally

25-11756    ABUDU, J., Dissenting    13

incomplete if" that relief "forces [it] to continue holding [its] First Amendment rights in abeyance." *Otto*, 981 F.3d at 871.

In sum, all four factors weigh against granting the City a stay. The majority's decision to do otherwise actually further erodes the deference, through a clear error and abuse of discretion standard, that we are required to afford lower courts. *In re Wagner*, 115 F.4th at 1303; *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994) ("[The abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989))); *see also Otto v. City of Boca Raton*, 41 F.4th 1271, 1285 (11th Cir. 2022) (Jordan, J., dissenting) ("From my perspective, what the panel majority did here—ignoring and/or revising the district court's factual findings and failing to apply the clear error standard—is seemingly becoming habit in this circuit.").

For these reasons, I respectfully dissent.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 06, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-11756-H
Case Style: Naples Pride v. City of Naples, et al
District Court Docket No: 2:25-cv-00291-JES-KCD

The enclosed order has been ENTERED.

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

MOT-2 Notice of Court Action