**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

NAPLES PRIDE,

Plaintiff,

Case No.: 2:25-cv-00291-KCD

v.

CITY OF NAPLES, *et al.*,

Defendants.
______________________________________/

**MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant Fed. R. Civ. P. 5.2(d) and Local Rule 1.11, Plaintiff Naples Pride respectfully moves the Court to provisionally seal Exhibits 103, 105, 106, 111–117, 224, and 244 to the accompanying Declaration of Jonah M. Knobler (hereinafter, the "Knobler Declaration").[1]

The unredacted version of the foregoing exhibits contain information or references to information and documents that have been designated as Confidential Discovery by Defendants City of Naples and Naples City Council (together, "Defendants," and collectively with Plaintiff, the "Parties") under the Parties' Agreement Regarding Confidential Information ("Agreement"). The Agreement prohibits the public disclosure of materials designated Confidential Discovery and requires a party filing such materials to file them under provisional seal or redaction.

[1] Pursuant to Local Rule 1.11(b)(8), Plaintiff has attached unredacted versions of these exhibits to this Motion and filed them under seal.

Under these circumstances, there is no alternative to provisionally filing these exhibits under seal that would comply with the Agreement.

Plaintiff takes no position on whether these exhibits should remain redacted and/or under seal, because the information at issue belongs to Defendants. However, to comply with the Agreement, Plaintiff respectfully requests that the Court provisionally seal the attached documents. Pursuant to the Agreement and Local Rule 1.11(c), Defendants will file their own memorandum in support of the Motion to Seal within 14 days providing their substantive justifications for continued sealing.

## MEMORANDUM OF LAW

### A. Legal Standard

Local Rule 1.11(b) allows a party to seek leave from the Court to seal a docketed item. Such a motion:

> (2) must describe the item; (3) must establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration for the seal; (6) must state the name, mailing address, email address and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and, (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

The Parties have also executed the Agreement, pursuant to Rule 26 of the Federal Rules of Civil Procedure and this District's Standing Order Regarding Confidential Information, which provides in relevant part:

> Should a party (the "Filing Party") seek to file with or submit to the Court Confidential Discovery or a brief or other document quoting from or otherwise describing Confidential Discovery produced by the other party in this case, the party shall file such Confidential Discovery or brief or other document quoting from or otherwise describing Confidential Discovery with the Confidential Discovery redacted. Contemporaneously with filing, the Filing Party shall provide unredacted copies of the Confidential Discovery or brief or other document quoting from or otherwise describing Confidential Discovery via email to the Court and counsel for the Producing Party. The Producing Party shall file any motion to seal the Confidential Discovery within 14 days of the date of filing in accordance with Local Rule 1.11 of the United States District Court for the Middle District of Florida. If the Producing Party fails to file such a motion to seal within 14 days of the date of filing, the Filing Party may file unredacted copies of the Confidential Discovery or brief or other document quoting from or otherwise describing Confidential Discovery on the public docket.

Agreement at 6.

**B. Compliance With Local Rule 1.11(b)**

Plaintiff has properly titled this Motion, described the items at issue, included a legal memorandum, and attached the items that should be sealed. *See* Local Rule 1.11(b)(1) – (2), (4), (8). Pursuant to the Parties' Agreement, Plaintiff requests that the seal remain in place until the Court has adjudicated this motion based on Defendants' forthcoming memorandum in support of maintaining these exhibits under seal, which is due within 14 days. Agreement at 6.

Plaintiff certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See* Local Rule 1.11(b)(7). Plaintiff further certifies that it will serve on Defendants unredacted versions of the aforementioned exhibits to be sealed.

This Motion also satisfies Local Rule 1.11(b)(3). *First*, filing the aforementioned exhibits to the Knobler Declaration is necessary because they are used in good faith to support Plaintiff's Motion for Partial Summary Judgment. *See* Local Rule 1.11(b)(3)(A).

*Second*, sealing is necessary because the exhibits have been designated as Confidential Discovery by Defendants, meaning Defendants claim the exhibits contain financial information; private or confidential personal information; or information "relevant to ongoing law enforcement safety, security, operational, and criminal investigatory concerns" by the City of Naples Police Department. Agreement at 2; *see* Local Rule 1.11(b)(3)(B). Plaintiff takes no position on whether these exhibits in fact qualify as confidential, but seeks provisional sealing to give Defendants the opportunity to file a motion to maintain these materials under seal, pursuant to the procedures set forth in the Parties' Agreement. Agreement at 6.

*Third*, Defendants have provided Plaintiff with redacted versions of four of the exhibits to the Knobler Declaration (103, 116, 117, and 244)[2] which Defendants have

[2] Defendants have represented to Plaintiff that, at the time they file their forthcoming memorandum in support of sealing, they may submit redacted versions of additional exhibits subject to this motion that can be filed on the public docket.

designated as Confidential Discovery, and Plaintiff is filing those redacted versions on the public docket in addition to filing the remaining exhibits which Defendants have designated as Confidential Discovery under seal. Plaintiff is therefore using the least restrictive means to prevent disclosure of confidential information while keeping the foregoing exhibits available for public review. *See* Local Rule 1.11(b)(3)(C).

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully seeks leave to file under provisional seal unredacted versions of Exhibits 103, 105, 111–117, 224, and 244 to the Knobler Declaration.

**Local Rule 3.01(g) Certification**

Counsel for Plaintiff conferred with Counsel for Defendants by email between September 9 and 12, 2026 and by telephone conference on September 11, 2026, in a good faith effort to resolve the matters raised in this motion. The Parties agreed to Plaintiff filing the Confidential Discovery under provisional seal pursuant to the protocol laid out in the Parties' Agreement.

Dated: September 14, 2026

Samantha J. Past (FBN 1054519)
Daniel B. Tilley (FBN 102882)
ACLU FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
spast@aclufl.org
dtilley@aclufl.org

*/s/ Jonah M. Knobler*
Jonah M. Knobler*
Thomas P. Kurland*
Justin Zaremby*
Daniel Feder*
Colleen Anderson*
Anthony J. Wong*
David Epstein*
Hadiya Williams*
Jillian Horowitz*
PATTERSON BELKNAP WEBB
& TYLER LLP

1133 Ave. of the Americas
New York, NY 10036
Tel: 212-336-2000
jknobler@pbwt.com
tkurland@pbwt.com
jszaremby@pbwt.com
dfeder@pbwt.com
canderson@pbwt.com
awong@pbwt.com
depstein@pbwt.com
hwilliams@pbwt.com
jhorowitz@pbwt.com

*Counsel for Naples Pride*

**Special Admission*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2026, a true and correct copy of the foregoing document was filed and served on all counsel of record via the U.S. District Court for the Middle District of Florida's CM/ECF electronic filing system.

*/s/ Jonah M. Knobler*
Jonah M. Knobler